United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM ALEXANDER,<br><br>    Plaintiff,<br><br>v.<br><br>HILTON HOTELS WORLDWIDE,<br><br>    Defendant. | Case No. 24-cv-08394-TSH<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On October 23, 2024, Plaintiff Liam Alexander filed suit against Hilton Hotels Worldwide, alleging one claim for "personal injury." ECF No. 1. However, Plaintiff states both parties are residents of California and jurisdiction is based on a federal question.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* §

1332(a)(1)-(2).

As Plaintiff brings one state law tort claim, and he states the parties are both residents of California, jurisdiction appears to be lacking. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of jurisdiction. Plaintiff shall file a written response to this Order by December 17, 2024. Failure to do so will result in a recommendation that this case be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: December 3, 2024

THOMAS S. HIXSON
United States Magistrate Judge